Kaynard **GULLEKSON**, Respondent,

v.

**PERSONNEL WORLD and United States Fidelity and Guaranty Company, Relators,**

**Twin City Die Company and Farmers Insurance Group, Respondent.**

No. C3–87–2185.

Supreme Court of Minnesota.

Aug. 19, 1988.

Jay T. Hartman, Robin D. Simpson, Minneapolis, for relators.

Brian R. Salita, Brooklyn Center, for Kaynard Gullekson.

Paul Godfrey, St. Paul, for Twin City Die and Farmers Ins. Group.

## OPINION

AMDAHL, Chief Justice.

This is an appeal from a Workers' Compensation Court of Appeals' decision affirming an award of temporary partial benefits. We affirm in part, reverse in part and remand for further proceedings.

In November 1979, while employed by Twin City Die, Kaynard J. Gullekson (hereinafter employee) sustained a Gillette-type right arm injury that resulted in ulnar nerve transposition surgery in 1980. Twin City Die/Farmers Insurance paid certain workers' compensation benefits pursuant to a 1980 order of a compensation judge and a 1983 stipulation for settlement. As a result of the 1979 injury, the employee was unable to return to die casting. Between 1980–84, the employee worked for a number of employers.

In January 1984, the employee obtained a job through Personnel World as a working supervisor at Bush Lake Industries. On January 23, 1984, while working with a machine, the employee reinjured his right arm. He gradually developed some swelling and was seen by Dr. Vesell. Employee was taken off work, given a sling and advised to use hot packs. When this did not relieve his symptoms, he was referred to Dr. Eelma, an orthopedic surgeon. On February 2, Dr. Eelma did exploratory surgery near the site of the 1980 surgery and found an infectious fibrosis around the ulnar nerve. Pathological samples of the infection were consistent with tuberculosis.

The employee was known to have a positive mantoux test since childhood. In July 1984, the employee was released to return to work with restrictions; and between September 1984 and June 1986, he worked sporadically for various employers.

The primary dispute in this case centered on the cause of the employee's tubercular infection and temporary disability in 1984. Personnel World/United States Fidelity & Guaranty (USF & G) claimed they were caused by the 1979 work injury and Twin City Die/Farmers Insurance claimed they were caused by the 1984 work injury. The compensation judge determined the 1979 work injury was not a substantial contributing factor to the employee's 1984 disability. He then awarded temporary partial compensation at the temporary total rate for those periods of time employee was unemployed and temporary partial compensation based on actual wages for those periods of time employee was working. The compensation judge's decision was affirmed on appeal; and Personnel World/USF & G have appealed from that affirmance.

■ 1. Personnel World/USF & G first challenge the findings below with respect to causation claiming the compensation judge and the workers' compensation court of appeals ignored uncontroverted medical evidence. Our review of the record, however, reveals that the compensation judge's findings had substantial evidentiary support which included medical evidence. Accordingly, there is no basis upon which to disturb the findings as to the cause of the employee's temporary disability after the 1984 injury in this case. *Jacobwitch v. Bell & Howell*, 404 N.W.2d 270 (Minn. 1987); *Nord v. City of Cook*, 360 N.W.2d 337 (Minn.1985).[1]

■ 2. Personnel World/USF & G also challenge the award of temporary benefits.

The compensation judge's finding concerned only the employee's temporary disability status after 1984. The compensation judge did not award any permanent partial disability benefits. Accordingly, Personnel World/USF & G's argument is not relevant.

1. Personnel World/USF & G also claim that because the physicians apportioned permanent partial disability between the two injuries, the compensation judge's finding of no causal relationship between the 1979 injury and 1984 disability was manifestly contrary to the evidence.

The compensation judge awarded temporary partial benefits for those periods of time the employee worked but at a wage loss and temporary partial benefits calculated at the temporary total rate for those periods of time he was unemployed. Personnel World/USF & G argue that such benefits are not proper 90 days past maximum medical improvement. The issue as to maximum medical improvement was not litigated below; and there has been no determination as to the employee's entitlement to economic recovery compensation or impairment compensation. We therefore reverse the award of temporary partial benefits and remand for recalculation in light of *Gasper v. Northern Star Company,* 422 N.W.2d 727 (Minn.1988) and *Parson v. Holman Erection Company,* 428 N.W.2d 72 (Minn.1988).

Affirmed in part, reversed in part and remanded.

Employee is awarded $400 in attorney fees.

